**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JAMES T. DEANS, : | |
| : | |
| Plaintiff, : | |
| vs. : | CASE NO. 5:12-CV-358-MTT-MSH |
| : | 42 U.S.C. § 1983 |
| JOHNNY JOHNSON; : | |
| Warden TOM GRAMIACK; : | |
| Lt. BROWN; Sgt. WHITE; : | |
| Sgt. RYAN HARRELL; : | |
| Commissioner BRIAN OWENS, : | |
| : | |
| Defendants. : | |

_____

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff James T. Deans, a prisoner at Autry State Prison in Pelham, Georgia, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As explained below, Plaintiff's motion to proceed *in forma pauperis* is granted. The Court has also conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), and finds that the Complaint fails to state cognizable claims against Lt. Brown, Sgt. White, Sgt. Ryan Harrell, and Commissioner Brian Owens. It is therefore recommended all claims for damages against those Defendants be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim. Service is thus ordered only as to Defendants Officer Johnny Johnson and Warden Tom Gramiack.

**BACKGROUND**

The present case arises from an alleged assault that occurred on January 3, 2012 when Plaintiff was confined at Dooly State Prison. According to Plaintiff, Defendant Johnny Johnson approached him in the dining hall, kicked him, grabbed him from behind, and then hit him numerous times on the back of his head with a walkie-talkie radio. Plaintiff states that he sustained severe skull injuries, which required medical treatment. According to Plaintiff, Sgt. White took pictures of the injuries.

Plaintiff maintains that Defendant Johnson "has been involved in another incident at McEver [Probation] Detention Center of unprovoked physical altercation with some other inmate." (Compl. 4, ECF No. 1.) According to Plaintiff, Warden Gramiack is, or was, the warden at McEver Probation Detention Center. Plaintiff alleges that "Warden Gramiack should be held liable for the negligent hiring and retention of this officer, as well as his effort to cover up the criminal actions of Defendant Johnson through the grievance process." (Compl. 4). Plaintiff claims that Defendant Brian Owens did not follow the proper procedures when handling the investigation of his assault because "this assault surely merited [having] internal affairs interview [him] and anyone else involved." (Compl. 4). Plaintiff states he was not interviewed, but was transferred to Autry State Prison to get him away from the Dooly State Prison staff.

## DISCUSSION

### I. Motion to proceed *in forma pauperis*

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00. The Clerk of Court is directed to send a copy of this Order to the business manager of Autry State Prison. It is further ordered and directed that collection

of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II.   Preliminary Review of Plaintiff's Complaint

### A.   Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after

the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will

5

reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in "1915A "shall" be dismissed on preliminary review).

B.  Defendants Brown, White, Harrell, and Owens

Plaintiff explains that Lt. Brown is the second shift supervisor. Although he has named Lt. Brown as a Defendant, he has made no allegations against him. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas*

*v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

The only allegation that Plaintiff makes against Sgt. White is that he took pictures of Plaintiff's injuries or "took pictures of evidence." (Compl. 3.) This in no way deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Thus, § 1983 provides him no judicial remedy. *Hale*, 50 F.3d at 1582.

The only allegation that Plaintiff makes against Sgt. Harrell is that he "signed off on D.R. received 1/4/12." (Compl. 5.) The Court is not sure exactly what claim Plaintiff seeks to make against Sgt. Harrell. The fact that Sgt. Harrell "signed off" or approved a disciplinary report, even if true, in no way violates Plaintiff's constitutional rights. Plaintiff's vague claim against Sgt. Harrell must be dismissed as insufficient. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.")

Plaintiff alleges that Commissioner Brian Owens failed to follow proper procedures and have someone from internal affairs interview him and other witnesses following the alleged assault. Even if true, this fails to state a claim upon which relief may be granted. Commissioner Owens cannot be held liable under 42 U.S.C. § 1983

simply because Plaintiff faults him for the manner in which he investigated, or failed to investigate, the alleged assault. Even if Defendant Owens' actions have in some way violated standard operating procedures, this does not show that he in any way violated the Constitution or any federal law. Plaintiff has no constitutional right to have the alleged assault investigated in a certain manner. Only when a plaintiff alleges that certain acts or omissions have deprived him of a right, privilege or immunity secured by the Constitution or federal law does he state a valid claim under 42 U.S.C. § 1983. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) ("Absent the existence of an underlying constitutional right, no section 1983 claim will lie.")

For these reasons, it is **RECOMMENDED** that all claims against Defendants Brown, White, Harrell, and Owens be **DISMISSED** and that all four of these Defendants be **DISMISSED** from this action.

C. Defendants Johnson and Gramiack

Plaintiff claims that Defendant Johnson assaulted him without provocation. According to Plaintiff, Defendant Johnson committed a previous assault on another inmate at McEver Probation Detention Center when Defendant Gramiack was the warden at that facility. Plaintiff states that Warden Gramiack should be held responsible for the hiring or retention of Johnson.

It is well settled that supervisory officials are not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671

8

(11th Cir. 1990).  Instead, there must be an affirmative link between a defendant's action and the alleged constitutional deprivation.  *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985).  A plaintiff must show one of the following: (1) that the supervisor personally participated in the unconstitutional conduct; (2) that a history of widespread abuse put the supervisor on notice of the need to correct the alleged deprivation, and the supervisor failed to do so; (3) that the supervisor's custom or policy resulted in deliberate indifference to the plaintiff's constitutional rights; or (4) that the facts support an inference that the supervisor instructed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Construing Plaintiff's Complaint liberally, as the Court must at this stage in the litigation, Plaintiff has arguably alleged that Warden Gramiack was, or should have been, on notice regarding Johnson's habitual use of excessive force, and failed to act.

Plaintiff has raised sufficient facts so that his claims against Defendants Johnson and Gramiack should proceed beyond the initial screening stage.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that the Complaint fails to arguably state any claim against Defendants Brown, White, Harrell, and Owens.  It is, therefore, **RECOMMENDED** that all claims for damages against those Defendants be **DISMISSED** under 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff

may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff's claims against Defendants Johnson and Gramiack will be permitted to proceed beyond the frivolity review stage. It is thus **ORDERED** that service be made against Defendants Johnson and Gramiack and they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is also reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions


as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at

any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant(s) (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each Defendants' answer(s) or dispositive motion(s) (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

SO ORDERED and RECOMMENDED, this 14th day of November, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE